1

2

3

4

5

6                UNITED STATES DISTRICT COURT

7               EASTERN DISTRICT OF CALIFORNIA

8

9  UNITED STATES OF AMERICA,      )    1:06-cv-0380 OWW SMS
                                  )
10             Plaintiff,         )    SCHEDULING CONFERENCE ORDER
                                  )    AND ORDER STAYING ACTION
11      v.                        )
                                  )
12  REAL PROPERTY LOCATED AT 4720 )
    WEST DONNER AVENUE, FRESNO,   )
13  FRESNO COUNTY, etc.,          )
                                  )
14             Defendants.        )
                                  )
15  _____)

16

17  I.   Date of Scheduling Conference.

18       August 10, 2006.

19  II.  Appearances Of Counsel.

20       Stephanie Hamilton Borchers, Esq., Assistant United States

21  Attorney, appeared on behalf of Plaintiff.

22       Daniel Bacon, Esq., appeared on behalf of the claimant,

23  Nancy Schoenstein.

24  III. Summary of Pleadings.

25       1.   This is an *in rem* civil forfeiture action.  In its

26  Verified Complaint for Forfeiture *In Rem*, the government alleges

27  that the real property located at 4720 W. Donner Avenue, Fresno,

28  Fresno County, California, APN: 311-492-29S (hereinafter the

                          1

1   "defendant real property"), was used or intended to be used, in

2   any manner or part, to commit, or to facilitate the commission

3   of, a violation of 21 U.S.C. §§ 841(a)(1) and 846, offenses

4   punishable by more than one year's imprisonment and is therefore

5   subject to forfeiture to the United States pursuant to 21 U.S.C.

6   § 881(a)(7).  The defendant real property was posted with a copy

7   of the Complaint and Notice of Complaint on May 3, 2006.  On

8   September 8, 2005, in a related case a Grand Jury in the Eastern

9   District of California indicted Gabriel Schoenstein and others

10  with violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A),

11  841(b)(1)(D) and 846 - Conspiracy to Distribute and to Possess

12  With the Intent to Distribute Marijuana, among other drug-related

13  violations.  The criminal Case, *U.S. v. David Crossley, et al.*,

14  Case No. 1:05-cr-00315 **OWW SMS** is pending.  Accordingly,

15  Plaintiff seeks to forfeit the defendant real property pursuant

16  to 21 U.S.C. § 881(a)(7).

17       2.   On July 19, 2006, Nancy Schoenstein filed a claim to

18  the defendant real property.  Claimant Nancy Schoenstein alleges

19  that she is the legal and equitable owner, as well as the

20  possessor and occupier of the defendant real property located at

21  4720 W. Donner Avenue, Fresno, California.  As of the date of the

22  filing of this report, no other potential claimants have filed

23  claims or answers with the court in this action.  At the time of

24  the acts giving rise to the forfeiture in this case, Gabriel

25  Schoenstein was the title owner of the property.  Gabriel

26  Schoenstein quit-claimed the defendant real property to Nancy

27  Schoenstein on March 30, 2006.

28  ///

1   IV.   Orders Re Amendments To Pleadings.

2         1.   The parties do not anticipate filing any amendments to
3   the pleadings at this time.

4   V.   Factual Summary.

5         A.   Admitted Facts Which Are Deemed Proven Without Further
6   Proceedings.

7         1.   It is uncontested that the defendant real property
8   located at 4720 W. Donner Avenue, Fresno, California, was posted
9   on May 3, 2006, after a Verified Complaint for Forfeiture *In Rem*
10  was filed with the court on April 5, 2006.

11        2.   It is uncontested that Gabriel Schoenstein was
12  indicted under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 –
13  Conspiracy to manufacture, to Distribute and to Possess with the
14  Intent to Distribute Marijuana, 21 U.S.C. §§ 841(a)(1) and
15  841(b)(1)(A) and 18 U.S.C. §2 – Manufacture of Marijuana and
16  Aiding and Abetting, and 21 U.S.C. §§841(a)(1), 841(b)(1)(D), and
17  860; 18 U.S.C. § 2 – Possession with Intent to Distribute
18  Marijuana Near Secondary School, and Aiding and Abetting, along
19  with other related charges.

20        B.   Contested Facts.

21        1.   Plaintiff contends the facts are as alleged in
22  its Verified Complaint.

23        2.   Claimant contends that the subject property I snot
24  subject to forfeiture, that the Claimant is an innocent owner,
25  that forfeiture is a disproportionate remedy as well as other
26  affirmative defenses that will be set forth in the answer when
27  filed.

28  ///

                                    3

VI.   Legal Issues.

    A.   Uncontested.

        1.   Jurisdiction exists under 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881; venue appears appropriate pursuant to 28 U.S.C. § 1395.   The parties agree that the alleged acts or omissions giving rise to the forfeiture occurred in this district.

        2.   The parties agree that venue is proper in this District as the alleged acts or omissions giving rise to the forfeiture occurred in this District.

    B.   Contested.

        1.   At this time, the disputed legal issues are identified as whether Nancy Schoenstein is the legal and equitable owner, as opposed to a "straw" owner, of the Defendant real property.

        2.   Whether Nancy Schoenstein is an innocent owner of the defendant real property and whether the defendant real property is subject to forfeiture.

VII. Consent to Magistrate Judge Jurisdiction.

    1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.      Corporate Identification Statement.

    1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.   A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the

information.

IX.  Discovery Plan and Cut-Off Date.

    1.  The parties agree that a stay of this case is appropriate pending resolution of Gabriel Jedediah Schoenstein's criminal matter, *U.S. v. David Crossley, et al.*, No. 1:05-cr-00315 OWW.

X.  Settlement Conference.

    1.  A Settlement Conference will be scheduled after the stay in this case is lifted.

XI.  Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.  None.

XII. Related Matters Pending.

    1.  This action is related to *U.S. v. David Crossley, et al.*, Case No. 1:05-cr-00315 OWW and *U.S. v. Real Property located at 6872 N. Hayston Avenue, Fresno, Fresno County, California, PAN: 410-293-81s*, Case No. 1:06-cv-00382 OWW SMS.  The parties shall notify the Court upon the resolution of the underlying criminal case for Mr. Schoenstein so that the stay may be lifted and a schedule for resolution of this case adopted.

XIII.  Compliance With Federal Procedure.

    1.  The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

5

1  **XIV. Effect Of This Order.**

2      1.    The foregoing order represents the best

3  estimate of the court and counsel as to the agenda most suitable

4  to bring this case to resolution.  The trial date reserved is

5  specifically reserved for this case.  If the parties determine at

6  any time that the schedule outlined in this order cannot be met,

7  counsel are ordered to notify the court immediately of that fact

8  so that adjustments may be made, either by stipulation or by

9  subsequent scheduling conference.

10      2.    Stipulations extending the deadlines contained

11  herein will not be considered unless they are accompanied by

12  affidavits or declarations, and where appropriate attached

13  exhibits, which establish good cause for granting the relief

14  requested.

15      3.    Failure to comply with this order may result in

16  the imposition of sanctions.

17

18  IT IS SO ORDERED.

19  **Dated:   August 11, 2006**              **/s/ Oliver W. Wanger**
    emm0d6                          UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

6